UNITED STATES, to Use of SHOLENBERG, v. DIXEY et al.

(Circuit Court, E. D. Pennsylvania. January 28, 1896.)

1. CONTRACTS—PERFORMANCE—AFFIDAVIT OF DEFENSE.
     A contractor for certain government work, being sued on a subcontract, under which a part of the work was to be done, set up, by affidavit of defense (according to the Pennsylvania practice), that the work specified in the subcontract had not been completed according to the plans and specifications of the government architect. and had not been accepted by the government. *Held*, that the affidavit of defense was insufficient, in that it did not aver that the work was not done according to the contract between plaintiff and defendant.

2. SAME.
     An affidavit of defense, by a government contractor to the suit of a subcontractor, that the work undertaken by the latter was not completed according to the specifications of the government architect, and was not accepted by the government, *held* insufficient, for not stating that it was not completed according to the contract between the contractors.

Harvey K. Newitt and Wm. W. Smithers, for plaintiff.
Benj. F. Hughes and David Jay Myers, Jr., for defendants.

DALLAS, Circuit Judge. The defendant Mattie S. Dixey, having contracted to do certain work for the United States, entered into an agreement with William H. Sholenberg, by which the latter undertook to do a certain specific part of it for her. Upon this latter agreement this action is brought. The plaintiff's statement avers performance on his part, and claims recovery of the agreed compensation. The separate affidavits of the respective defendants set forth, among other things:

"That by the terms of said agreement, the contract is an entirety, and nothing whatever is due thereunder until the work specified is completed according to the plans and specifications of the architect of the government of the United States; that said work is not completed and has not been accepted by the government, as required by the said plans and specifications, which are made part of plaintiff's contract with defendant."

The meaning of this allegation seems to be that the work specified in the agreement between Dixey and Sholenberg has not been completed according to the plans and specifications of the architect of the government, and has not been accepted by the government, and that, therefore, nothing is due under the agreement of Dixey with Sholenberg. This appears to be the construction put upon this clause of the affidavits by the defendants' counsel upon the argument, and, at all events, it is the only admissible understanding of its terms. If it had been intended to assert that Sholenberg had not completed his undertaking under his agreement with Dixey, irrespective of the contract of the latter with the government, that assertion should have been plainly, and not so ambiguously, made. Evasive affidavits of defense have frequently been adjudged insufficient. They should leave nothing to inference. Bardsley v. Delp, 88 Pa. St. 420. And "when the defense set up involves an issue of fact, the affidavit must state facts necessary to constitute a substantial defense. General averments of matters which are, in themselves, legal conclusions, from facts not stated, are insufficient; as, for example, payment, fraud," etc. Kaufman v. Mining Co., 105 Pa. St. 537. It has, however, been contended that the contract of Dixey with the government was, in this regard, incorporated with the agreement between Dixey and Sholenberg; and that, therefore, unless and until approved and accepted under the former contract, the work done under the latter was not to be paid for. I am unable to accede to this view of the agreement sued upon. There is nothing to warrant the importation into it of any such condition.

The other matters alleged in the affidavits are not, in my opinion, sufficient to constitute a valid defense to this action. The plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute.